UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANDREW U.D. STRAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  22-0868 (UNA) |
| | ) | |
| "FRIVOLOUS" PER FEDERAL LAW, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff takes exception to the word "frivolous," or rather, the absence of a definition for the word "frivolous" in a federal statute, *see* 28 U.S.C. § 1915(e)(2)(B)(i), court rules, *see, e.g.,* Fed. R. App. P. 38, and Rule 3.1 of the ABA Model Rules of Professional Responsibility.  *See generally* Compl. ¶¶ 7-12.  Because courts have found plaintiff to have brought frivolous lawsuits, he cannot practice law in Indiana state courts and is barred from practicing law in certain federal districts.  *See id.* ¶¶ 14, 16-17; *see also Matter of Straw*, 68 N.E.3d 1070, 1072 (Ind. 2017) (suspending plaintiff from practice of law in Indiana upon finding he violated Indiana Professional Conduct Rule 3.1, which prohibits bringing a proceeding or asserting an issue therein unless there is a basis in law and fact for doing so that is not frivolous), *cert. denied sub nom. Straw v. Indiana Sup. Ct.*, 137 S. Ct. 2309 (2017); *Straw v. U.S. Dist. Ct. for S. Dist. of Indiana*, No. 18-CV-00607, 2018 WL 10809595, at *1 (S.D. Ind. Mar. 14, 2018) (noting imposition of reciprocal discipline by federal district courts in the Seventh Circuit).

Plaintiff asks the Court to "make the declarations of law [he set forth] in paragraphs 23-35" of the complaint.  Compl. ¶ 36.  For example, he seeks a declaratory judgment with respect to his assertion that "[i]n the *in forma pauperis* context at any level, a case may not be screened

and rejected as frivolous unless the case presented offers no fact and no legal theory. Being wrong is not the same thing as legally or ethically frivolous." *Id.* ¶ 32. He deems it this Court's responsibility "to lead and define these critical legal and ethical terms so as to avoid courts abusing disabled lawyers and litigants." *Id.* ¶ 38.

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976) (quoted *in Raines v. Byrd*, 521 U.S. 811, 818 (1997) and *Daimler Chrysler Corp. v. Cuno*, U.S. 332, 341 (2006)); *see Wittman v. Personhuballah*, 136 S. Ct. 1732, 1736 (2016) ("Article III of the Constitution grants the federal courts the power to decide legal questions only in the presence of an actual 'Cas[e]' or 'Controvers[y].'")). The phrase "case or controversy" is understood to mean that a case must "embody a genuine, live dispute between adverse parties, thereby preventing the federal courts from issuing advisory opinions." *Carney v. Adams*, 141 S. Ct. 493, 498 (2020).

Here, plaintiff not only fails to name an actual defendant, but also fails to identify an actual dispute. Instead, he asks the Court, essentially, to offer its opinion as to the meaning of "frivolous" in various contexts and the consequences of a court's determination that a filing is frivolous. This a district court cannot do. Therefore, the Court will grant plaintiff's application to proceed *in forma pauperis*, dismiss the complaint without prejudice for lack of subject matter jurisdiction, and dismiss this civil action without prejudice. An Order is issued separately.

DATE: April 7, 2022            /s/
                                            TIMOTHY J. KELLY
                                            United States District Judge